UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.:
LOVELY ANTOINE,

                              Plaintiff,                  **COMPLAINT**

    -against-

                                          **PLAINTIFF DEMANDS**
BROOKLYN MAIDS 26, INC., and JAMES    **A TRIAL BY JURY**
HENESTROZA, *individually*,

                              Defendants.
------------------------------------------------------------------X

        Plaintiff, LOVELY ANTOINE, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the New York State Human Rights Law, New York State Executive Law §§ 296, et. seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, et. seq. ("NYCHRL"), and seeks damages to redress the injuries she has suffered as a result of being assaulted and battered, discriminated against, sexually harassed, subjected to a hostile work environment, and retaliated against on the basis of sex/gender (female).

### JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims that PLAINTIFF has brought under state and city law pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more DEFENDANTS reside within the Eastern District of New York or the acts complained of occurred therein.

5. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 1, 2019; (b) receiving a Notice of Right to Sue from the EEOC on September 9, 2019; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, PLAINTIFF has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR, *et ano.*, is annexed hereto as Exhibit B.

## PARTIES

6. That at all times relevant hereto, Plaintiff LOVELY ANTOINE ("Plaintiff") is female and a resident of the State of New York and the County of Kings.

7. That at all times relevant hereto, Defendant BROOKLYN MAIDS 26, INC. ("BROOKLYN MAIDS") was and is a domestic limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of New York.

8. Upon information and belief, Defendant BROOKLYN MAIDS employees at least fifteen (15) or more employees.

9. Upon information and belief, Defendant BROOKLYN MAIDS own and/or operate a location at 666 Eastern Parkway, Brooklyn, New York 11213.

10. At all times relevant, Defendant JAMES HENESTROZA ("HENESTROZA") was and is employed by Defendant BROOKLYN MAIDS as Chief Executive Officer ("CEO").

11. That at all times relevant hereto, Defendant HENESTROZA was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Defendant HENESTROZA had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

12. That at all times relevant hereto, Plaintiff was an employee of Corporate Defendants.

13. That at all times relevant hereto, Defendants, BROOKLYN MAIDS and HENESTROZA, are collectively referred to herein as "Defendants."

## MATERIAL FACTS

14. On or about October 10, 2018, Plaintiff was hired by Defendants as a "Housekeeper" for Defendants' cleaning business.

15. Initially, Plaintiff worked a schedule from 8:00 a.m. to approximately 8:30 or 9:00 p.m. five days per week. Plaintiff's cleaning assignments were principally at McCarren Hotel & Pool in Williamsburg, Brooklyn.

16. In or around January 2019, Plaintiff's work environment became permeated with hostility related to her sex/gender.

17. In approximately mid-January, Defendant HENESTROZA informed the Plaintiff that work at the McCarren Hotel was slow, and her schedule was reduced to three days per week. Defendant HENESTROZA assured Plaintiff that once he obtained a contract with Novo, an extended-stay apartment rental service, he would be able to assign her additional days of work.

18. In approximately late January 2019, Defendant HENESTROZA offered to have Plaintiff clean his apartment. Plaintiff agreed to do so.

19. Immediately upon entering the apartment, Defendant HENESTROZA began making inappropriate sexual comments to the Plaintiff.

20. Defendant HENESTROZA brought Plaintiff to his bedroom and told her "this is where the magic happens." He also asked Plaintiff about her past sexual partners and what kind of sex acts she enjoyed.

21. After she left the apartment, Defendant HENESTROZA texted Plaintiff to inform her he was interested in her romantically. He also texted her a description of the size of his penis.

22. Plaintiff, shocked by Defendant HENESTROZA's behavior, informed him that she was not interested in a romantic relationship.

23. Defendant HENESTROZA informed Plaintiff that he "really wanted to help her" and was going to provide her with greater work hours, returning her to a five day per week schedule.

24. In approximately early February 2019, Defendant HENESTROZA assigned Plaintiff to an apartment cleaning assignment. Defendant HENESTROZA informed her that he would assist with the job to help her with laundry.

25. In the course of the cleaning assignment, Defendant HENESTROZA locked the apartment door and began touching the Plaintiff. He pushed Plaintiff on the bed of the apartment and coerced Plaintiff into sex at the job site.

26. After finishing the assignment, Plaintiff informed Defendant HENESTROZA that she was not interested in him sexually and wanted to maintain a professional relationship.

27. Defendant HENESTROZA, in retaliation, responded by reducing Plaintiff's work hours, reducing her days worked.

28. In approximately mid-February 2019, Plaintiff inquired when she would begin working her normal hours again. Defendant HENESTROZA responded by denying her her pay entirely.

4

29. In approximately late February 2019, Defendant HENESTROZA paid her back her wages due and offered her additional assignments.

30. Again, however, Defendant HENESTROZA did not pay Plaintiff her wages for her assignments. Plaintiff went to Defendant HENESTROZA's apartment to attempt to collect her wages on approximately March 1, 2019.

31. At the house, Defendant HENESTROZA threw Plaintiff against the wall and strangled her, telling her not to come to his house. He informed Plaintiff that he "used to kill animals as a child" and that she should be afraid of what he was capable of.

32. Plaintiff returned home and called Defendant HENESTROZA, informing him never to contact her again.

33. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff's work environment.

34. **Plaintiff was treated differently by Defendants, solely due to her sex/gender (female)**.

35. But for the fact that Plaintiff is a female, Defendants would not have treated her differently.

36. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

37. The above are just some of the ways Defendants discriminated and retaliated against Plaintiff while employing her.

38. Defendants had knowledge of and/or acquiesced in the discrimination and/or harassment by Defendant HENESTROZA.

39. Plaintiff's performance was, upon information and belief, exemplary during the course of her employment with Defendants.

40. Plaintiff has been unlawfully discriminated against, retaliated against, humiliated, degraded and belittled, and as a result, suffers the loss of rights, emotional distress, loss of income, and earnings.

5

41. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff has suffered severe emotional distress.

42. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

43. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

44. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

45. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

46. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendant BROOKLYN MAIDS. Plaintiff complains of Defendant BROOKLYN MAIDS' violation of Title VII's prohibition against discrimination in employment-based, in whole or in part, upon an employee's sex/gender (female).

47. Defendant BROOKLYN MAIDS engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of her sex/gender (female).

6

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (Not Against Individual Defendant)

48. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

49. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

50. Defendant BROOKLYN MAIDS engaged in unlawful employment practice prohibited by 42 U.S.C. §§ 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of the Defendant BROOKLYN MAIDS.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

51. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

53. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her sex/gender (female).

7

## AS A FOURTH CAUSE OF ACTION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

54. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

56. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendants.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. The New York City Administrative Code §8-107(1) provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

(emphasis added).

59. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her sex/gender (female).

8

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

60. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

62. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

## AS A SEVENTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY
## (Against Defendant HENESTROZA)

63. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

64. By her actions as set forth above, Defendant HENESTROZA subjected Plaintiff to a battery. Defendant HENESTROZA intentionally subjected Plaintiff to the fear of harmful and/or offensive physical contact. Defendant HENESTROZA further intentionally placed Plaintiff in imminent reasonable apprehension of a harmful and/or offensive physical contact.

65. As a result of this harmful and/or offensive contact and/or reasonable apprehension of the same, Plaintiff sustained damages.

66. Plaintiff is entitled to the maximum amount allowed under this doctrine.

## JURY DEMAND

67. Plaintiff demands a trial by jury.

9

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq., the New York State Human Rights Law, New York State Executive Law, §§ 296 et. seq., and the New York City Human Rights Law, Administrative Code §§ 8-107 et seq., in that Defendants discriminated, and retaliated against Plaintiff on the basis of her sex/gender, and assaulted and battered Plaintiff;

B. Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       October 8, 2019

                                                    **PHILLIPS & ASSOCIATES,**
                                                    **Attorneys at Law, PLLC**

By: _____
Shawn R. Clark, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107
sclark@tpglaws.com